STATE OF MAINE
CUMBERLAND, ss

UNIFIED CRIMINAL DOCKET
DOCKET NO. CR-19-2719

STATE OF MAINE

v.

ABDULLAHI ISACK,

Defendant

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

Defendant seeks to suppress evidence obtained by law enforcement as a result of the stop and detention of defendant. He argues the police officer improperly removed him from the vehicle, frisked him., and seized evidence. For the following reasons, the motion is granted.

FACTS

Officer Jeffrey Edwards has been employed with the South Portland Police Department since January 2019. He received training, including training at the Maine Criminal Justice Academy.

On May 28, 2019, he was working the night shift and was in uniform and operating a marked cruiser. At 1:30 a.m., he pulled over a vehicle travelling north bound on I-295 that was travelling 71 m.p.h. in a 55 m.p.h. zone. Just prior to the stop, Officer Edwards noticed the lid of a pizza box in the rear window was lifted up, the hand of the right back seat passenger reached inside, and then the lid moved back down. This move appeared furtive and odd to Officer Edwards, as though the person was concealing weapons or illicit substances. Officer Edwards later saw a piece of pizza in this passenger's hand.

Officer Edwards ran the names of the occupants of the vehicle. Gabrielle Luca, the operator, was on a deferred disposition. Innocent Hoan, the front passenger, was on probation with conditions of a curfew and that he not possess weapons. No information was obtained about Defendant Abdullahi Isack, who was the right backseat passenger. Defendant was very quiet, did not move in his seat, waited for the police to approach him, and did not make eye contact.

1

REC'D CUMB CLERKS OFC
NOV 8 '19 AM 8:12

Officer Edwards ordered the occupants to exit the vehicle. The front seat passenger was searched and a knife, cash, and cards were found. Officer Edwards patted down defendant. Officer Edwards did not find anything he interpreted as a weapon but did find on defendant's left side front pocket what he believed felt like a plastic bag and a large sum of pills not in a bottle or container. Officer Edwards asked defendant what was in his pocket and defendant responded, "tissues." Officer Edwards stated it definitely was not tissues and asked what defendant took for pills. Defendant responded that he did not take pills. Officer Edwards asked why there were pills in defendant's pocket.

Although Officer Edwards testified on direct and redirect examination that he was sure defendant's pocket contained contraband, Officer Edwards agreed on cross examination that he squeezed on the pocket because he wanted more information about what was in the pocket and that he manipulated what he felt in the pocket to try to get more information about what may be in the pocket. Officer Edwards's conduct is best visible on the bodycam videos of Officers Zachary Quadland and Kevin Gerrish. (Def.'s Ex. 1.) Officer Edwards did not suspect what he felt in the pocket was a weapon and no weapon was found on defendant.

Another officer told defendant to empty his pocket. Defendant removed from his pocket a small plastic bag that contained nineteen oxycontin pills. Defendant was placed in handcuffs.

Officer Edwards had five months of experience as a law enforcement officer at the time of defendant's stop. In addition to his testimony about the manipulation of defendant's pocket, Officer Edwards contradicted himself during his testimony whether he saw pizza in defendant's hand and the decision to remove the participants from the vehicle. Officer Edwards responded twice that if the video showed his words or actions, that is what he said or did. He also stated occasionally that he did not understand defense counsel's questions.

CONCLUSIONS

An investigatory stop "must be based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." State v. Simons, 2017 ME 180, ¶ 12, 169 A.3d 399 (quotation marks omitted). "At the time of making

2

an investigatory stop, a police officer must have an articulable suspicion, objectively reasonable in light of all the circumstances, that the object of the search has committed or is about to commit a crime." Id. (quotation marks omitted). The reasonable articulable suspicion standard requires the "officer's suspicion be more than mere speculation or an unsubstantiated hunch." Id. (quotation marks omitted). Based on the above facts, Officer Edwards had reasonable articulable suspicion to support his stop of the vehicle and his request that the occupants exit the vehicle.

An officer may conduct a patdown search "to determine whether the person is in fact carrying a weapon." Terry v. Ohio, 392 U.S. 1, 24 (1968). "[A] protective search – permitted without a warrant and on the basis of reasonable suspicion less than probable cause – must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.'" Minnesota v. Dickerson, 508 U.S. 366, 373 (1993) (quoting Terry, 392 U.S. at 26 (1968). Police may also seize nonthreatening contraband found during a permissible Terry patdown. See Dickerson, 508 U.S. at 373.

As in Dickerson,

> Although the officer was lawfully in a position to feel the lump in respondent's pocket, because Terry entitled him to place his hands upon respondent[], the court below determined that the incriminating character of the object was not immediately apparent to him. Rather, the officer determined that the item was contraband only after conducting a further search, one not authorized by Terry or by any other exception to the warrant requirement. Because this further search of respondent's pocket was constitutionally invalid, the seizure of the [contraband] that followed is likewise unconstitutional.

Dickerson, 508 U.S. at 379; cf. U.S. v. Hughes, 15 F.3d 798, 802 (8th Cir. 1994) (officer's first impression was that object in suspect's pocket was crack cocaine and there was no further manipulation of the object; search and seizure were in accord with Terry); State v. Storey, 1998 ME 161, ¶ 17, 713 A.2d 331 (officer felt a hard object in suspect's coat that was readily accessible to suspect and officer believed could be dangerous). Based on Officer Edwards's testimony and the videos, the character of the object in defendant's pocket was not immediately apparent to Officer Edwards. The search was not necessary for the discovery of weapons and was not permissible.

3

The entry is

The Defendant's Motion to Suppress is GRANTED. Evidence
seized from Defendant is SUPPRESSED.

Date: November 7, 2019

Nancy Mills
Justice, Superior Court

STATE v. ISACK
CUMBERLAND UNIFIED CRIMINAL DOCKET
DOCKET NO. CR-19-2719

**Entered on the Docket:** 11·8·19